PINKHAM *v.* RUTAN.[1]

(*District Court, E. D. Pennsylvania.*   June 30, 1887.)

ADMIRALTY—LIBEL—EVIDENCE—SEAMEN'S WAGES.
Evidence will not be admitted to carry a seaman's claim for wages back of the date named in the libel, unless the libel has been previously amended.

In Admiralty.
*Charles Gibbons, Jr.*, for libelant.
*H. R. Edmunds*, for respondent.

BUTLER, J.   No question of law is raised.   The libelant's right to recover something is admitted.   He was hired at $25 per month.   How long he served, and how much he was paid, are the only questions of fact.   In his testimony he states, at the outset, that he joined the vessel in November, 1883.   He left it in January, 1886.   On cross-examination, however, he says: "I joined the Billy Redabedee in April, 1883, and left her in November, 1884.   I must have joined her in April, 1884.   I made a mistake.   I joined the Rutan, as mate, on the seventeenth day of November, 1884." This is entirely plain.   Without something more, it would be clear that the charge for services should begin with November 17, 1884.   After or about the time of the libelant's discharge from the ship, however, the master, who is his father, gave him a statement in writing, in which the calculation starts with January 20, 1884, and is evidently based upon the idea that the libelant joined the ship in November, 1883, and was paid as he admits, in full to January 20th, following the commencement of his services.   I think it cannot well be doubted that this statement is a mistake.   It is not entitled to the same force as the libelant's positive allegation that he joined the ship in November, 1884.   If this was not what the witness intended to say, he should have corrected it when read over to him. It seems, however, to have been said in correction of his former statement, and with full understanding of what he was saying.   The statement in the libel, however, on this subject, is conclusive, so long as it stands.   Without an amendment in this respect, the libelant cannot be allowed to go behind the period named.   That the libel so states the time the libelant is, of course, aware; and yet no offer to amend has been made. Commencing the calculation with this date, taking the admission of payment in full to January 20th following, and allowing the further credit of $150, also admitted, there would be $137.50 due January 4, 1886, when the services terminated.   As against this, I find the respondent entitled to an additional credit of $100, paid at the breakwater.   The weight of the evidence is clearly in favor of this credit.  · Martin testifies positively that libelant told him this sum had been paid.   To this testimony the libelant has made no reply.   This will leave a balance of $37.50, with interest from January 4, 1886, for which a decree will be entered.

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.